tIN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALEXIS JOSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-00798-DGK |
| ) | |
| CTB INVESTORS, LLC d/b/a ) | |
| PBR BIG SKY COWBOY BAR, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER ON DISCOVERY DISPUTE

This is a personal injury case. Plaintiff Alexis Joski alleges that Defendants negligently maintained the PBR Big Sky Cowboy Bar, causing her to slip and fall resulting in injuries.

Pursuant to Local Rule 37.1, Defendants contacted the Court via email on August 4, 2025, to request a discovery dispute teleconference. The Court scheduled a teleconference and ordered both parties to file a brief outlining the issues. Because the discovery dispute can be decided on the parties' briefs, the Court canceled the scheduled hearing.

At issue is a single Federal Rule of Civil Procedure 30(b)(6) deposition topic Plainitff propounded. Plaintiff originally sought testimony regarding "occurrences of patrons suffering injuries while at Defendant's venue." Defendants objected that the topic was overly broad and unduly burdensome. In response, Plaintiff narrowed the scope to include only slip-and-fall incidents occurring at the venue within the past five years. Defendants maintain their objection and seek an order precluding any discovery on the topic. The Court rules as follows.

Rule 26(b)(1) permits discovery of nonprivileged matters that are "relevant to any party's claim or defense and proportional to the needs of the case." This information "need not be admissible in evidence to be discoverable." *Id.* The party resisting discovery bears the burden of

demonstrating the request is unduly burdensome. *See Carter v. The Advisory Grp., Inc.*, No. 8:06CV603, 2007 WL 3112453, at *3 (D. Neb. Oct. 22, 2007). This requires more than conclusory assertions; the resisting party must offer "sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents." *Id.*; *Brown v. Kansas City*, No. 4:20-CV-00920-DGK, 2022 WL 15045965, at *2 (W.D. Mo. Oct. 26, 2022); *see also* Initial Standing Order ("ISO"), ECF No, 5 (prohibiting boilerplate objections).

As a threshold matter, the Court finds that Plaintiff's narrowed topic—slip-and-fall incidents within the past five years—is relevant to the issues of notice and, potentially, punitive damages. Accordingly, the burden shifts to Defendants to substantiate their undue burden claim.

Defendants fail to do so. They contend that complying with Plaintiff's request would impose a "significant burden and expense," requiring "an exhaustive search of every email, text, and communication over a five-year period and prepar[ation] to testify regarding each." Mot. at 3, ECF No. 52; Reply at 3, ECF No. 53. This assertion is inadequate to preclude all discovery into relevant matters. The Federal Rules of Civil Procedure require objections to be stated with specificity, and the ISO expressly prohibits boilerplate objections. Defendants' conclusory statements fail on both counts.[1] They do not indicate how many documents they would have to review, the time it would take to review those documents and then prepare a corporate representative, or the cost associated with doing this. *See Carter*, 2007 WL 3112453, at *3. Accordingly, Defendants' objection is OVERRULED.

---

[1] Notably, this is not the first instance that counsel has failed to comply with the ISO. *See* ECF No. 28 (addressing noncompliance with the joint discovery status report). The parties are reminded to review and comply with the ISO. Failure to do so moving forward may result in the imposition of sanctions including monetary fines or dismissal of the case.

While Plaintiff's narrowed Rule 30(b)(6) topic represents a step in the right direction, the Court finds that additional refinement is warranted to enhance both the efficiency of discovery and the relevance of the information sought. Accordingly, the Court limits the information to slip-and-fall incidents that resulted in a lawsuit or some formal or informal dispute resolution procedure within the past five years.

The Court expects the parties to confer and cooperate in good faith to resolve this matter without the need for further Court intervention.

**IT IS SO ORDERED.**

Date:  August 13, 2025   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT